Dennis C. Hopkins
DHopkins@perkinscoie.com
D. +1.212.262.6916

November 18, 2019

Honorable Eric N. Vitaliano
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4CS
Brooklyn, New York 11201

Re:     *Winston v. The Hershey Co.*, Case No. 1:19-cv-03735-ENV-JO

Dear Judge Vitaliano:

Defendant The Hershey Company ("Hershey") submits this letter to the Court seeking a pre-motion conference to discuss the bases for dismissing the class action Complaint filed by Plaintiff Curtis Winston ("Plaintiff"). Plaintiff alleges Hershey's White Reese's® Peanut Butter Cups (the "Product") are marketed and presented in a manner that creates the false impression that the Product contains white chocolate, even though the Product's ingredient list does not include cocoa butter (cacao fat), an essential component of the legal definition of white chocolate. Compl. ¶ 4–6. Plaintiff alleges violations of all 50 states' consumer protection statutes and claims of negligent misrepresentation, breach of express and implied warranties, fraud, and unjust enrichment. *Id.* ¶¶ 70–102. As outlined below, Hershey seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

***Standing for Non-New York Consumer Protection Claims.*** In a class action with multiple claims, at least one named class representative must have standing with respect to each claim. *See Precision Associates, Inc. v. Panalpina World Transport, (Holding) Ltd.*, 2013 WL 6481195, *10, 15 (E.D. N.Y. 2013). Plaintiff, the sole named class representative, is a New York citizen, but the Complaint asserts claims under the consumer protection laws of the other 49 states, purportedly on behalf of undisclosed Jane Doe plaintiffs. Compl. ¶¶ 70–71; *see also id.* ¶ 56 ("The allegations as related to laws of other states where no named plaintiff has been disclosed serves as a placeholder upon joinder or amendment."). In New York, however, "one may not use a 'John Doe' plaintiff in order to represent a class of which one is not a member." *Goldberg v. Corcoran*, 549 N.Y.S.2d 503, 506 (1989); *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *11–13 (E.D.N.Y. Sept. 22, 2015). Thus, all non-New York consumer protection claims must be dismissed.

***Implausible Theory of Consumer Deception.*** Plaintiff's claims under GBL sections 349 and 350 must also be dismissed. To bring a claim under either section of the GBL, Plaintiff must plausibly allege that Hershey's purportedly deceptive conduct "is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400, 403 (2002); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Federal courts routinely dismiss false advertising claims at the pleading stage, where, as here, the context reveals that the allegedly deceptive practice was fully disclosed. *See, e.g., Clark v. Perfect Bar, LLC*, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) (rejecting argument that a nutrition bars' marketing and labeling misled consumers about its sugar content where "the actual ingredients were fully disclosed."); *Chen v. Dunkin' Brands,*

*Inc.,* No. 1:17-cv-3808-CBA-RER, Dkt. No. 23 (E.D.N.Y. Sept. 17, 2018) (dismissing challenge to "reasonable consumer's" interpretation of the term "Angus Steak" where "Angus beef" appeared on the product's ingredient list); *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *6 (C.D. Cal. Sept. 20, 2017); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA."). Here, as Plaintiff recognizes, the Product's ingredients list indicates it does not contain cocoa butter (cacao fat). Compl. ¶ 6. Indeed, the Product's ingredients list does not include the word chocolate. *Id.*. Under the circumstances, it is simply not plausible that the Products' packaging or any marketing statement by Hershey would mislead a reasonable consumer into believing the Product contains white chocolate.

***Failure to Plead Fraud with Particularity Under Rule 9(b).*** "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 343 (E.D.N.Y. 2018). Claims of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b); *see also Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *2 (S.D.N.Y. Oct. 26, 2016). Here, Plaintiff bases his fraud claim on the "absence of all modifying or clarifying terms such as "crème," "coating," or "compound" in conjunction with the term "white," noting, "[d]efendant does not declare the products as a white chocolate version of the product type, but that is the impression and intended result." Compl. ¶¶ 97–98. This is insufficient. Where, as here, a complaint pleads fraud by omission, "Rule 9(b) requires the [plaintiff] to specify the context in which the omission was made and the manner in which it misled … [by] specifically identify[ing] the representations, advertisements, and promotional materials that omitted the [modifying reference], misled him, and upon which he relied." *Weaver v. Chrysler Corp.,* 172 F.R.D. 96, 101–02 (S.D.N.Y. 1997). The Complaint does not provide this context.[1]

***Negligent Misrepresentation.*** Plaintiff's negligent misrepresentation claim fails for two reasons. First, where only economic injury is alleged, the claim requires the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff. *See Ossining Union Free Sch. Dist. v. Anderson LaRocca Anderson,* 73 N.Y.2d 417, 424 (1989). Plaintiff has not plausibly alleged either type of relationship. *See* Compl. ¶¶ 78–84. Nor can he, as such relationships do not arise from arms' length transactions or advertisements directed at consumers. *See Izquierdo,* 2016 WL 6459832 at *8–9; *see also Stoltz,* 2015 WL 5579872 at *23–26. Second, the claim is barred by the economic loss doctrine, which "restricts the remedy of plaintiffs who have suffered economic loss, but not personal or property injury, to an action in contract." *Elkind v. Revlon Consumer Prod. Corp.,* 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015) (dismissing negligent misrepresentation claim). Plaintiff's alleged losses are purely economic. Compl. ¶ 84; *id.* at 16 (Prayer).

---

[1] Moreover, Plaintiff cannot plausibly allege that he relied on the absence of modifying terms in purchasing the Product, as the Product's ingredients list indicates the Product does not contain any chocolate, white or otherwise. Compl. ¶ 6.

*Warranty Claims.* "Express warranty claims should be dismissed absent specific factual references in the complaint to any oral or written warranties." *Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 216 (E.D.N.Y. 2004). Here, the Complaint does not allege any specific facts regarding an oral or written warranty made by Hershey. Instead, Plaintiff claims Hershey misrepresented certain attributes of the Product and warranted "that the Product was a different variety than the other product line offerings (milk, dark chocolate) as opposed to being of a whole differnet [sic] type (compound coating)." Compl. ¶¶ 87, 90. Plaintiff does not identify any specific oral or written statement made by Hershey, although he points to statements made by reporters and third-party retailers. *Id.* ¶¶ 13–21.[2] This is insufficient.

In New York, implied warranty claims may be brought only by those in privity with the named defendant. *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986). Plaintiff's failure to allege where he purchased the Product, let alone that he bought it directly from Hershey is fatal to his claim. *See generally* Compl.

*Unjust Enrichment.* In New York, an unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012); *see also Stolz*, 2015 WL 5579872 at *26 (dismissing unjust enrichment claim that was duplicative of negligent misrepresentation claim). Plaintiff's unjust enrichment claim should be dismissed because it relies on the same allegations as the fraud, negligent misrepresentation, warranty, and consumer protection claims. *See* Compl. ¶ 101.

*Injunctive Relief.* "A plaintiff lacks standing for injunctive relief where the complaint fails to establish a 'real or immediate threat' of injury." *Izquierdo*, 2016 WL 6459832, at *5. Here, Plaintiff has only vaguely alleged the ***possibility*** of future injury. *See* Compl. ¶ 60 ("Named Plaintiffs … would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading."). This is insufficient to establish future harm. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way."); *see also Izquierdo*, 2016 WL 6459832, at *5; *Alce v. Wise Foods, Inc.*, 2018 WL 1737750, at *6 (S.D.N.Y. Mar. 27, 2018).

For these reasons, Hershey believes the Complaint should be dismissed.

Respectfully Submitted,


/s/ *Dennis Hopkins*
Dennis Hopkins
Perkins Coie LLP

*Attorneys for Defendant The Hershey Company*

---

[2] And Plaintiff expressly states that the incident relayed by a reporter "is not offered to impute conduct to defendant," making it irrelevant to a warranty claim. Compl. ¶ 21.