Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

November 25, 2019

District Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   1:19-cv-03735-ENV-JO
      Winston et al v. The Hershey Company

Dear District Judge Vitaliano:

This office represents the plaintiff.  On November 18, 2019, defendant requested a pre-motion conference prior to moving to dismiss the Complaint. ECF No. 6; Fed. R. Civ. P. 12(b)(1), (b)(6).  In accordance with your Honor's Individual Motion Practice and Rules, plaintiff's response is submitted within seven days from service of defendant's request.  III(A).

***Product's Ingredient List is Insufficient as a Disclaimer*.**  The complaint alleges consumers are misled by the labeling because the term "White" is unqualified, the Product is "situated adjacent to other chocolate-based versions of the Products instead of in a section devoted to non-chocolate confectionary" and marketed as a "white chocolate" version of the standard products by.  ECF No. 1. ¶¶ 9-13.  Defendant describes these facts as presenting an "implausible theory of consumer deception."  ECF No. 6 at 1.

In determining whether conduct is misleading "context is crucial." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995) (magazine sweepstakes mailer was not deceptive where "promotions expressly and repeatedly state the conditions which must be met in order to win" and such disclaimer "appears immediately next to the representations it qualifies").  Courts within this state have consistently held that "issues of deceptiveness and good faith are not resolved as a matter of law" through a fine print disclaimer. *Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) (credit card agreement where the disclaimer was present "in the small print footnote to the solicitation offer" is insufficient to defeat a claim of deception).

Defendant's sole disclaimer is the fine print of the ingredient list.  ECF No. 6 citing *Workman v. Plum Inc.*, 141 F.Supp.3d 1032, 1035 (N.D. Cal. 2015) ("any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA.").  *Workman* is against the weight of authority in this district, given the Second Circuit's decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) ("we cannot conclude that these disclosures on the side of the box render Plaintiffs' allegations of deception implausible.") citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.").

At best, authorities within this Circuit hold that "the presence of a disclaimer or other clarifying language *may* defeat a claim of deception." *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.Supp.3d 467, 479-80 (S.D.N.Y. 2014) (emphasis in original); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2014 WL 4773991, at *18 (E.D.N.Y. Sept. 24, 2014) (considering font size, placement, emphasis and consistency when evaluating whether a disclaimer is sufficient to prevent a reasonable consumer from being misled).

Defendant's authorities in support of its position are inapposite. *Clark v. Perfect Bar, LLC*, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018); *Chen v. Dunkin' Brands, Inc.*, No. 1:17-cv-3808, Dkt. No. 23 (E.D.N.Y. Sept. 17, 2018). In *Clark*, the key factor was that defendant, "at all material times in question, remained in compliance with all sugar-disclosure regulations," despite that plaintiff's allegation of failing to disclose its sugar content. Here, the Products are not in compliance with the relevant regulations because their front label lacks a common or usual name, which is required to "identify or describe, in as simple and direct terms as possible, the basic nature of the food or its characterizing properties or ingredients." 21 C.F.R. § 102.5(a).

In *Chen*, the Court found that the term "Angus Steak" to describe breakfast sandwiches was not misleading because it does not cause a consumer "to believe that the meat patty contains only Angus beef," but that they contain "just some 'Angus beef." In contrast, defendant's representations and omissions cause consumers to expect a product containing at least *some* white chocolate, which they do not receive. ECF No. 1, ¶ 40 ("Because the Products are expected to contain cacao fat yet instead have other vegetable oils like palm oil, the Products are misleading to reasonable consumers.").

***Representations and Omissions are Misleading Because Products are an Imitation.*** Even if defendant's arguments – that the absence of chocolate or cacao butter from the ingredient list – are accepted, the representations are still misleading because nowhere on the Products are consumers informed that it is an "imitation." ECF No. 1, ¶ 45 ("Plaintiffs did not know, nor had reason to know, that the Product did not contain real white chocolate and were actually imitations").

Federal regulations state a food is an imitation "if it is a substitute for and resembles another food but is nutritionally inferior to that food." 21 C.F.R. § 101.3(e)(1). Plaintiffs alleged the Products are a substitute for real white chocolate and resemble white chocolate, yet contain the nutritionally inferior vegetable oils. ECF No. 1, ¶¶ 3, 45.

Contrary to the requirements for imitation foods, the Product fails to "bear[s] a common or usual name that complies with the provisions of 102.5 of this chapter and that is not false or misleading" *nor* does the label contain "the word "imitation" [and, immediately thereafter,] the name of the food imitated." 21 C.F.R. § 101.3(e)(2)(i)-(ii).

***Express and Implied Warranty Claims.*** Express warranty claims are based on   an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y.U.C.C. § 2-313(1)(a). Defendant notes that the Complaint does not allege any specific facts regarding an oral or written warranty made by defendant. However, the statements made by entities which defendant allegedly has the authority and ability to direct and control are sufficient to be attributed to defendant. Whether defendant

exercised a degree of control sufficient to direct its partners to disseminate misleading statements on its behalf is a question of fact, not suitable for disposition at the pleading stage.

Defendant's challenge to the implied warranty claims based on the absence of privity fails to recognize the two exceptions: (1) whether the party asserting the claims is a third-party beneficiary and (2) whether the item sold is a "thing of danger." *Marshall v. Hyundai Motor Am.*, 51 F.Supp.3d 451, 469 (S.D.N.Y.2014) (New York Law requires that the contract between the two principal parties be for the benefit of third-party). Here, defendant's agreements with its retailers were made to benefit plaintiff through the sale of the Products. Further, the use of "cheaper and lower quality vegetable fats, like palm and soybean oil, instead of higher quality cacao fat" characterize the Products as a "thing of danger" due to the deleterious health and nutritional effects of these ingredients.

***Fraud Claims are Pleaded with Particularity*.** Plaintiffs' fraud claims are sufficient because the complaint plainly states that the Products are intended to be understood as white chocolate versions of the standard milk chocolate product. To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015). The complaint alleged that defendant failed to adequately label the Products with a common or usual name *and* as an imitation of white chocolate. Additionally, defendant is alleged to have directed the placement of the Products not with general confectionery but with chocolate, and as shown by its downstream partners, designated them as something they were not – white chocolate. These allegations are sufficient under the heightened pleading standards of Fed. R. Civ. P. 9.

***Unjust Enrichment*.** Whether plaintiffs' unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims. There may be a circumstance where the allegations fail to fit within one of the specific state law claims, yet suffice to state a claim for unjust enrichment.

***Injunctive Relief*.** Defendant opposes plaintiff's request for injunctive relief to correct the challenged representations, because "the complaint fails to establish a 'real or immediate threat' of injury." ECF No. 6 at 3 citing *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *5 (S.D.N.Y. Oct. 26, 2016). However, defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." Id.

For these reasons, plaintiffs believe a pre-motion conference is not necessary. Thank you.

Respectfully submitted,

 /s/ Spencer Sheehan 
Spencer Sheehan

Certificate of Service

I certify that on November 25, 2019, I served or emailed the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

| | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan